IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VERNITA R. MOORE-TIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0781-MJR |
| | ) | |
| CHATHOLIC SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Vernita R. Moore-Timmons, proceeding *pro se,* has brought suit against her former employer, Defendant Catholic Social Services, pursuant to Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5, alleging race discrimination, a hostile work environment, retaliation for filing an EEOC complaint, and constructive discharge (Doc. 1). Moore-Timmons moves for leave to proceed *in forma pauperis*, without prepaying fees or costs (Doc. 2).

Title 28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant submits an affidavit that includes a statement of all assets he possesses which demonstrates that he is unable to pay the fees or give security for those fees. However, 28 U.S.C. § 1915(e)(2) requires this Court to carefully scrutinize the *in forma pauperis* motion and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

As a preliminary matter, the affidavit submitted by Moore-Timmons indicates that she is currently employed at Southern Illinois Regional Social Services, earning $31,200 per year. She has little or no savings, and her only significant assets are a car and mobile home with a combined total value of $34,000, on which she is still making monthly payments. Moore-Timmons also supports a 13 year old son. After paying her basic monthly expenditures out of her take-home-pay, she still has approximately $375 per month, or $86 per week, to put toward the $350 filing fee and cost of service.[1] Moore-Timmons' finances are very tight, as reflected by her monthly budget and lack of savings. The filing fee and costs required to initiate this action would likely cause Moore-Timmons financial hardship, which is not required for her to pursue her case. Therefore, the Court finds that Moore-Timmons is unable to pay or give security for the fees required to initiate this action.

Like her financial status, the legal viability of Moore-Timmon's claims is a close call. Regardless of whether Moore-Timmons qualifies for pauper status, 28 U.S.C. § 1915(e)(2) requires federal courts to dismiss the complaint if the Court determines that the action (i) is malicious or frivolous, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2).

A claim or action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. The complaint need not

---

[1] According to Moore-Timmons, her take-home pay is $929 every two weeks. Based on a 52-week work-year, Moore-Timmons brings home $24,154 per year, or $2,012 per month. Her monthly expenditures total $1,637. Therefore, she has $375 per month in discretionary income. However, that means that Moore-Timmons' only has $86 leeway per week in her family budget.

contain "heightened fact pleading of specifics" but does require "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545. A confusing pleading is not a fatal defect, unless the plaintiff fails to draft an intelligible complaint despite repeated attempts. *Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, 412 F.3d 745, 749 (7th Cir. 2005). The Court must accept factual allegations as true, unless they are "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Finally, the Court may liberally construe the factual allegations of a pro se complaint. See *Rodriguez v. Plymouth Ambulance Service* 577 F.3d 816, 821 (7th Cir. 2009), *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Court must determine if Moore-Timmons' causes of action are frivolous or fail to state a claim.

The claim of retaliation is sufficiently stated. Moore-Timmons describes telling "management" that she had lodged an EEOC complaint; a supervisory employee allegedly commented, "If you are suing us why are you still working? Why don't you quit?"; subsequent unfair treatment made it impossible for Moore-Timmons to perform her job duties, so she stopped working.

Aside from checking the box on the complaint form indicating that a Title VII race discrimination claim is asserted, race is not mentioned or inferred in the narrative portion of the complaint, and the narrative does not even suggest any racial animus. The narrative ends with an amorphous statement: "I was discriminated against, allowed to work in an unsafe environment and single[d] out for what reason." The allegations regarding a hostile environment and constructive discharge are similarly vague, in that they do not do not specify any racial discrimination. Rather, Moore-Timmons alleges that she worked from July 2008 until May 2011 without any disciplinary action, only to be unexpectedly written up for numerous offenses. Plaintiff describes her "fear of physical abuse" when her supervisor entered her office "yelling and screaming point[ing] papers like she wanted to hit me." Given that Moore-Timmons is proceeding *pro se*, the "check-box" indication that racial discrimination is claimed, combined with the dates given, the narrative, and a few subject headings, such as "Hostile Work Environment" are sufficient to satisfy the notice pleading standard—but just barely. Therefore, Moore-Timmons will be deemed a pauper, and all claims will proceed.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff Moore-Timmons' motion for leave to proceed *in forma pauperis*, without prepaying fees or costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant Catholic Social Services: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant at the address given in the complaint (*see* Doc. 1, p. 1). If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant(s) (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant(s) or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Finally, Plaintiff is **ADVISED** that because she is proceeding *pro se,* she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. A notice of change of address must be filed within seven days of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed.R.Civ.P. 41.

**IT IS SO ORDERED.**

**DATED: April 11, 2012**

                                         **s/ *Michael J. Reagan***
                                         **MICHAEL J. REAGAN**
                                         **UNITED STATES DISTRICT JUDGE**